# United States Court of Appeals
## For the First Circuit

No. 21-1186

UNITED STATES,

Appellee,

v.

CHRISTOPHER CANTWELL,

Defendant - Appellant.

**ORDER OF COURT**

Entered: May 24, 2023
Pursuant to 1st Cir. R. 27(d)

    Counsel for defendant-appellant, who was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, filed a motion for leave to withdraw. Counsel has concluded that filing a petition for a writ of certiorari in this case would be frivolous and has so informed appellant. Counsel has further advised appellant of the time in which appellant must apply for a writ if appellant elects to take such action. See 1st Cir. R. 46.5(c). Counsel's May 15, 2023 motion includes a letter from appellant which indicates appellant did not want counsel to file a petition for a writ of certiorari. The letter indicates appellant had not decided to seek certiorari pro se. Accordingly, we grant Attorney Christine DeMaso's s to motion to withdraw.

    Appellant may, however, file a pro se petition for a writ of certiorari. That petition must be filed with the clerk of the Supreme Court within ninety days after the entry of the judgment. Sup. Ct. R. 13. Judgment entered on **April 5, 2023.** It would appear, therefore, that should appellant choose to file a pro se petition, it must be filed on, or before, **July 5, 2023.** Appellant may apply for an extension of time to file a petition for certiorari, but an application to extend the time to file a petition for a writ of certiorari "is not favored." Sup. Ct. R. 13.5. An application for an extension of time must be submitted "at least 10 days before the specified final filing date." Sup. Ct. R. 30.2.

By the Court:

Maria R. Hamilton, Clerk

cc:
Jeffrey S. Levin, Christine DeMaso, Christopher Cantwell, John Staige Davis, Seth R. Aframe, Anna Z. Krasinski